MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ROSS E. MORRISON
Assistant United States Attorney
86 Chambers Street 3d Floor
New York, New York 10007
Telephone No: (212) 637-2691
E-mail: ross.morrison@usdoj.gov

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FREDERICK BOYLE,              :

      Plaintiff,              :

 - against -                   :

ROBERT W. WERNER, Director of :
Foreign Assets Control of the United States
Department of the Treasury, in his official :
capacity, JOHN W. SNOW, Secretary,
United States Department of the Treasury, :
in his official capacity, UNITED STATES
TREASURY DEPARTMENT, OFFICE :
OF FOREIGN ASSETS CONTROL, and
ALBERTO R. GONZALES, Attorney :
General, United States Department of
Justice, in his official capacity,        :

      Defendants.             :
----------------------------------------------------------X

ECF CASE

No. 05 Civ. 4995 (DCP)

STIPULATION AND ORDER
OF SETTLEMENT AND
DISMISSAL

      WHEREAS, on March 14, 2005, the Office of Foreign Assets Control ("OFAC") within the United Stated Department of the Treasury assessed a civil monetary penalty against plaintiff in the amount of $6,700.00 (the "Civil Monetary Penalty"), for plaintiff's alleged violations of the Iraqi Sanctions Regulations, 31 C.F.R. Part 575;

      WHEREAS, plaintiff subsequently commenced this action, challenging the

imposition of the Civil Monetary Penalty against him on various grounds;

WHEREAS, defendants subsequently moved to dismiss this action, or in the alternative for summary judgment, and plaintiff opposed that motion and cross-moved for partial summary judgment (collectively, the "Motions");

WHEREAS, on August 14, 2007, the United States Court of Appeals for the Second Circuit issued a decision in the case of Karpova v. Snow, 497 F.3d 262 (2d Cir. 2007), and this Court subsequently requested that the parties submit supplemental briefing addressing the effect of that decision on the issues raised by the instant action;

WHEREAS, on February 27, 2008, this Court held oral argument on the Motions;

WHEREAS, by entering into this Stipulation and Order of Settlement and Dismissal ("Stipulation and Order"), plaintiff does not admit any liability for the Civil Monetary Penalty or under the Regulations;

WHEREAS, to avoid any future litigation, the parties desire to reach a full and final compromise and resolution of this action;

NOW, THEREFORE, the parties hereto, in consideration of the mutual promises, obligations, undertakings and commitments hereinafter set forth, do hereby covenant and agree as follows:

1. Plaintiff agrees to pay the United States the sum of one thousand dollars ($1,000.00) (the "Settlement Amount"), in full compromise and satisfaction of the Civil Monetary Penalty.

2. Plaintiff shall pay the Settlement Amount in four equal installments of two hundred and fifty dollars ($250.00) each ("installment payment"). Plaintiff shall make an

installment payment on or before each of the following four dates: i) within fourteen (14) days of the Court's entry of this Stipulation and Order; ii) August 1, 2008; iii) December 1, 2008; and iv) April 1, 2009. On or before each of these four dates, plaintiff shall mail or deliver a check or money order in the amount of two hundred and fifty dollars ($250.00), payable to the United States Treasury, to:

> Chief of Civil Penalties
> Office of Foreign Assets Control
> United States Treasury Department
> 1500 Pennsylvania Avenue N.W.
> Washington, D.C. 20220

In addition, plaintiff may at his option pay the remaining balance of the Settlement Amount at any time before April 1, 2009.

3. In the event plaintiff fails to pay any installment payment within fourteen days after the date such payment is due as set forth in paragraph 2, plaintiff shall be in default of this Stipulation and Order and shall be liable for the Civil Monetary Penalty. The Civil Monetary Penalty, less any installment payment previously made by plaintiff, shall become immediately due and payable by plaintiff, and the United States may exercise all statutory, common law, or equitable rights to collect this amount. Plaintiff hereby agrees not to contest any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any State or Federal court. The United States shall be entitled to an award of reasonable costs and attorney's fees in connection with any such collection efforts.

4. This action is hereby dismissed with prejudice, with each party to bear its own costs and attorney's fees, except as set forth herein. Notwithstanding the previous sentence, this Court shall retain jurisdiction over this matter for the purpose of resolving any disputes

which may arise in connection with this Stipulation and Order. This Stipulation and Order is governed by the laws of the United States.

5. The parties to this Stipulation and Order understand and agree that this Stipulation and Order contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect. This Stipulation and Order may not be amended except by written consent of the parties.

6. The persons signing this Stipulation and Order on behalf of plaintiff represent and warrant that they are authorized by plaintiff to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity.

7. This Stipulation and Order may be executed in counterparts, each of which

constitutes an original and all of which constitute one and the same agreement.

Dated: New York, New York
March 31, 2008

By: /s/ Jonathan Hafetz
Jonathan Hafetz, Esq.

| | |
|---|---|
| Lawrence S. Lustberg, Esq.<br>GIBBONS, P.C.<br>One Gateway Center<br>Newark, New Jersey 07102<br>(973) 596-4500 | Jonathan Hafetz, Esq.<br>BRENNAN CENTER FOR JUSTICE AT<br>NYU SCHOOL OF LAW<br>New York, New York 10013<br>(212) 998-6289<br>E-mail: HafetzJ@exchange.law.nyu.edu |
| Arthur N. Eisenberg, Esq.<br>NEW YORK CIVIL LIBERTIES UNION<br>FOUNDATION<br>125 Broad Street<br>Newark, New Jersey 07101<br>(212) 344-3045 | Edward Barocas, Esq.<br>AMERICAN CIVIL LIBERTIES UNION<br>OF NEW JERSEY FOUNDATION<br>P.O. Box 750<br>Newark, New Jersey 07101<br>(973) 642-2086 |

Attorneys for Plaintiff Frederick Boyle


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for Defendants

By: /s/ Ross Morrison
ROSS E. MORRISON (RM-7271)
Assistant United States Attorney
86 Chambers Street -- 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2691
E-mail: ross.morrison@usdoj.gov

SO ORDERED:

_____          4/1/08
UNITED STATES DISTRICT JUDGE[1]

---

[1] The Honorable Donald C. Pogue, Judge for the United States Court of International Trade, sitting by designation.